```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON
```

RUBEN R. SALINAS,              )
                               )
    Petitioner,                )   Civil Action No. 5:04-529-JMH
                               )
                               )
v.                             )   **MEMORANDUM OPINION AND ORDER**
                               )
                               )
                               )
RON BISHOP and GREGORY         )
STUMBO,                        )
                               )
    Respondents.               )

                    **    **    **    **    **

This matter is before the Court on Petitioner Ruben R. Salinas's ("Salinas") petition for a writ of habeus corpus [Record No. 1]. Respondent Ron Bishop ("Bishop") filed an individual response to the petition [Record No. 8], and Respondent Bishop and Respondent Gregory Stumbo ("Stumbo") filed a collective motion for summary judgment [Record No. 9]. The Court notes that the deadline for Salinas to respond to the motion for summary judgment has expired, and this matter is now ripe for decision.

**FACTUAL BACKGROUND**

On January 23, 1996, Petitioner Salinas was indicted by a Fayette County grand jury for one count of trafficking in marijuana over five pounds and one count of endangering the welfare of a minor. On February 9, 1996, Salinas entered a guilty plea as to the drug charge, a felony. Three days later, the Fayette Circuit

Court entered a judgment as to the guilty plea and dismissed the other charge.  On March 13, 1996, the Court sentenced Salinas to thirty days incarceration and five years of probation.  Salinas did not thereafter seek direct appeal of the conviction.

On October 9, 1998, the court issued an arrest warrant on Salinas for violating probation.  Subsequently, a grand jury issued an indictment against Salinas for murder and kidnaping, and a jury found him guilty in 1999.  However, in June of 2000, the Kentucky Supreme reversed the conviction and remanded for a new trial.  Salinas is currently incarcerated awaiting the new trial.

## PROCEDURAL BACKGROUND

Although Salinas did not seek direct review of his 1996 conviction, he filed a motion to vacate judgment on March 25, 2003.  In that motion, as here, Salinas alleged that his guilty plea of 1996 was invalid due to marijuana intoxication, mental disease, and ineffective assistance of counsel.  The Fayette Circuit Court overruled the motion on March 31, 2003.  Salinas filed a notice of appeal, which was returned for having been filed improperly.  The appeal deadline expired on April 30, 2003, however, two months before Salinas refiled his appeal.  The Court of Appeals denied Salinas's motion for a belated appeal, and the Kentucky Supreme Court denied his motion for discretionary review on June 10, 2004.  Salinas then filed this petition for writ of habeus corpus pursuant to 28 U.S.C. § 2254.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for all habeus corpus petitions. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of the following four circumstances:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Where the petitioner's conviction became final before enactment of the AEDPA, as here, the petitioner has a one-year grace period in which to file the petition. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Specifically, in such a case, the petitioner has a grace period of "one additional year after the Act's effective date to file a habeus petition." *Id.* Additionally, "[t]he one-year period of limitations is tolled by

the amount of time that 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending' in state court." *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003)(quoting § 2244(d)(2)).

In this case, Salinas did not seek direct review of his drug conviction and, in fact, did not file a motion to vacate his sentence until March of 2003. As such, the conviction became final on February 12, 1996, when the Fayette Circuit Court entered the judgment as to Salinas's guilty plea. Because the conviction became final prior to the enactment of the AEDPA, the one-year grace period applied to Salinas. Moreover, because Salinas did not seek state post-conviction review during the one-year grace period, the limitations period is not subject to tolling. The instant petition for writ of habeus corpus was not filed until November of 2004 — many years beyond the one-year grace period — and, therefore, is untimely. *Cook*, 295 F.3d at 519.[1] Accordingly, Salinas's petition is without merit.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED**:

(1)   that Respondents Bishop's and Stumbo's motion for summary judgment [Record No. 9] be, and the same hereby is, **GRANTED**; and

---

[1] The Court additionally notes that Salinas did not respond to Respondents' motion for summary judgment and, as such, has not refuted in any way the statute of limitations argument.

(2) that Salinas's petition for a writ of habeus corpus [Record No. 1] be, and the same hereby is, **DISMISSED WITH PREJUDICE.**

This the 24th day of June, 2005.



Signed By:
*Joseph M. Hood*
United States District Judge